[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16316
Non-Argument Calendar
_____

BIA No. A79-400-223

ROSE LOURDES DOLCE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(September 6, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Rose Lourdes Dolce, the petitioner, is a native and citizen of Haiti.  She left

Haiti for the Dominican Republic on April 10, 2001, and arrived at Miami International Airport on May 15, 2001, with a fraudulent United States passport and an alias. Suspecting that her travel documents were fake, officials of the Immigration and Naturalization Service ("INS") detained her at the airport; after questioning, they took her into custody and afforded her a "credible fear" interview.

On May 18, 2001, the INS filed a Notice to Appear, alleging that Dolce was subject to removal and ordering her to appear before an Immigration Judge ("IJ"). On April 24, 2002, Dolce filed an application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for protection under the Convention Against Torture ("CAT"). Appearing before the IJ, Dolce conceded that she was subject to removal. The IJ then entertained Dolce's case for asylum, withholding of removal and CAT relief. What Dolce presented was her own testimony, nothing more.

At the close of the hearing, the IJ denied her application and ordered her removal. The IJ found that Dolce "failed to show past persecution or a well-grounded fear of persecution . . . and to meet her burden of proof that anyone in Haiti is interested in her" on account of her political opinion.[1] The IJ so concluded

---

[1] Dolce did not seek asylum due to persecution on account of her race, religion, nationality, or membership in a particular social group.

because Dolce's testimony was "too meager and generalized" to meet her burden. In particular, her testimony about the visit to her home by four people who purportedly intended to kill her was "too sketchy" and "insufficient." In short, her testimony regarding the persecution issue lacked credibility. In addition, she presented "nothing" to corroborate her testimony.

The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision without opinion; therefore, the IJ's decision became the final agency determination. Dolce now petitions this court for review.

As noted supra, Dolce based her application on a claim that she was, and if returned to Haiti would continue to be, persecuted on account of her political opinion. She asks that we reverse the agency's decision because the IJ erred in finding that her testimony lacked credibility, and in concluding that she (1) failed to meet her burden of showing past persecution or a well-founded fear of future persecution on account of her political opinion, (2) was not entitled to withholding of removal under the INA, and (3) was not entitled to CAT relief. We find no basis for granting Dolce's petition, and accordingly deny it.[2]

---

[2] To the extent that the agency's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the [agency decision] if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as

> any person who is outside any country of such person's nationality. . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Id. at 1287 (internal

_____

only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct. 2245 (2005).

4

quotations and citation omitted) (emphasis in original). An asylum applicant may not show merely that she has a political opinion, but must show that she was persecuted because of that opinion. INS v. Elias-Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). While documentary evidence is not required to prove an applicant's eligibility for asylum, the weaker an alien's testimony, the greater the need for corroborative evidence, see Y-B-, 21 I. & N. Dec. at 1139, as the IJ noted in the case at hand.

If the alien establishes past persecution, it is presumed that her life or freedom would be threatened upon a return to that country unless the government shows by a preponderance of the evidence that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon her removal or that the alien could relocate within the country and it would be reasonable to expect her to do so. 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum or withholding of removal if she can demonstrate a future threat in his country to her life or freedom on a protected ground. Id. §§ 208.13(b)(2), 208.16(b)(2). To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar, 257 F.3d at 1289. However, if the IJ finds that the alien could avoid a future threat by relocating to another part of his country, he cannot demonstrate a well-founded

fear of persecution.  See 8 C.F.R. §§ 208.13(b)(1)-(2), 208.16(b)(1)-(2).[3]

Dolce could have established a "well-founded fear" of persecution by showing (1) past persecution that created a presumption of a "well-founded fear" of future persecution, (2) a reasonable probability of persecution that could not be avoided by relocating within Haiti, or (3) a pattern or practice in Haiti of persecuting members of a statutorily defined group of which Dolce is a part, 8 C.F.R. §§ 208.13(b)(1) & (2), 208.16(b)(2), i.e., those harboring Dolce's political opinion.  If Dolce had shown past persecution, the burden then would have shifted to the government to show by a preponderance of the evidence that (1) there is a fundamental change in circumstance such that Dolce no longer has a well-founded fear of persecution or (2) Dolce could avoid future persecution by relocating to another party of Haiti and it would be reasonable to expect her to do so.  8 C.F.R. §§ 208.13(b)(1)(i)(A) & (B), 208.16(b)(2), (3).

Substantial evidence supports the IJ's decision that Dolce was not entitled to asylum, as she did not show that she was persecuted or had a well-founded fear of persecution on account of her political opinion.  Dolce's testimony concerning her

---

[3]  "'[P]ersecution' is an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda v. U.S. Atty. Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted).  In Sepulveda, we held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution. Id.

6

political opinion was too general and failed to demonstrate a specific connection between the alleged persecution and her political opinion, or a good reason to fear being singled out for persecution on account of such.

Assuming that she is not entitled to asylum, Dolce says that the IJ should have granted her withholding of removal under the INA and CAT relief. To qualify for withholding of removal, Dolce had to show that her life or freedom would be threatened on account of her political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "An alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." Mendoza, 327 F.3d at 1287.

To be entitled to relief under the CAT, Dolce had to establish that it is "more likely than not that [she] would be tortured if removed to [Haiti]." 8 C.F.R. § 208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The burden of proof for an applicant seeking relief under

the CAT, like that for an applicant seeking withholding of removal under the INA, is higher than the burden imposed on an asylum applicant. Al Najjar, 257 F.3d at 1303.

Dolce failed to carry her burden of establishing past persecution or a well-founded fear of future persecution; hence, she is precluded from being granted asylum. In sum, the IJ, and by operation of law the BIA, properly found that Dolce likewise could not satisfy the greater "more-likely-than-not" burden applicable to requests for withholding of removal and CAT relief.

**PETITION DENIED.**